### Harry J. Myers, Appellee, v. William Siville, Appellant.

INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction will not reverse if its contents is substantially contained in another instruction given.

Action commenced before justice of the peace. Appeal from the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed March 30, 1910.

SCHNEIDER & SCHNEIDER, for appellant.

C. E. BEACH, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon appeal from a justice of the peace, Myers recovered judgment in the circuit court against Siville for $57.50, to reverse which the latter appeals. There is evidence tending to disclose the following facts: At a public sale held by Myers, which Siville attended, a certain mare was offered for sale, the crier announcing at the time that she had a bruised shoulder and was not offered as sound. After a number of bids had been made by Siville and others, Siville examined the mare's shoulder and then asked Myers what was the matter with the mare, to which Myers replied that she had a bruised shoulder; that he had blistered it, and that he was selling her "just as she was." Siville then bid $137.50 for the mare, which was accepted. Shortly thereafter, he learned that the mare had a fistula, and refused to accept or pay for her. Myers then sold the mare at another public sale in the vicinity, for $82.50, and brought the present suit to recover the difference between the sum bid by Siville and that realized at the second sale, together with the cost of keeping the mare in the interim.

The evidence was insufficient to warrant the jury in

finding that there was a warranty of the condition of the mare at the time she was offered for sale. It is urged, however, that if Myers at the time of the sale, knew that the mare had a fistula, and for the purpose of inducing Siville to purchase her, falsely and fraudulently concealed such fact, and thereby induced Siville to believe that except as to a bruised shoulder the mare was sound, and that acting under such belief Siville was induced to purchase the mare, he had the right to rescind the sale. We agree with counsel that such is the law. Had the jury found from the greater weight of evidence that such state of facts existed, it would have been their duty to return a verdict for the defendant. The evidence as to the knowledge of Myers of the condition of the mare at the time he made the statements referred to, was conflicting. While there is some evidence tending to support Siville's position, we cannot say that the finding of the jury adversely thereto was clearly against the weight of the evidence.

It is further urged that the court erred in its rulings upon instructions, but we are unable to find any prejudicial error therein. We think that refused instructions 11 and 12 were substantially coverred by given instruction 5, and refused instruction 13 by given instruction 9. Instruction number 5 was properly refused, and it told the jury that if the plaintiff made certain statements, such statements amounted to a warranty, which was a question for the jury. Instruction number 1 was properly modified.

We find no prejudicial error in the rulings of the court upon the admissibility of evidence. The judgment of the circuit court will be affirmed.

*Affirmed.*